**Oliver STAMBAUGH & Marla Stambaugh, Appellants,**

v.

**CITY OF WHITE OAK, TEXAS, Appellee.**

No. 12–93–00124–CV.

Court of Appeals of Texas, Tyler.

Dec. 29, 1994.

Andy Tindel, Tyler, for appellants.

Russell E. Wilson, Robert B. Wagstaff, Ft. Worth, for appellee.

RAMEY, Chief Justice.

The Appellants, Oliver and Marla Stambaugh ("the Stambaughs"), brought an action against the Appellee, City of White Oak, Texas ("the City"), for injuries stemming from the collapse of a roadway. They appeal the rendition of a summary judgment in the City's favor. We will reverse and remand the case to the trial court.

On April 29, 1989, at about 4:00 p.m., Oliver Stambaugh was driving a pickup truck on Whatley Road, with his wife, Marla Stambaugh, as a passenger. The Stambaughs claim that they approached what appeared to be a large puddle of water on the road, beneath which an underground water main had broken, washing out the subsurface supporting the roadway. Whether the resulting crater pre-existed the event or was caused by the weight of their pickup, the Stambaughs suffered personal injuries when they drove their vehicle over the collapsed portion of the roadway.

The Stambaughs sued the city, relying on the waiver of sovereign immunity for roadway-related accidents set out in the Texas Tort Claims Act:

(a) If a claim arises from a premise defect, the governmental unit owes to the claimant only the duty that a private person owes to a licensee on private property, unless the claimant pays for the use of the premises.

(b) The limitation of duty in this section does not apply to the duty to warn of special defects such as excavations or obstructions on highways, roads, or streets....

TEX.CIV.PRAC. & REM.CODE § 101.022. The Stambaughs specifically alleged in their petition that this flaw in the roadway was a "special defect." Had this flaw been a premise defect, the Stambaughs would have had only the rights of licensees, and, to prevail, would have had to prove that the City had *actual knowledge* of this condition; if, on the other hand, this condition were a special defect, they would have the status of invitees, and could prevail by showing merely that the City *reasonably should have known* of this condition. *State Dept. of Highways v. Payne*, 838 S.W.2d 235, 237 (Tex.1992).

The City filed a motion for summary judgment, asserting that this particular hazard was a premise defect rather than a special defect, and offered in support of the motion two affidavits and certain admissions made by the Stambaughs, purporting to show that the City did not know, and could not have known, of this hazardous condition prior to the Stambaugh's accident.

The trial court held, as a matter of law, that the crater causing the accident was a premise defect, not a special defect, and gave the Stambaughs sixty days to discover evidence meeting the more stringent standard required of an injured licensee. Final summary judgment was entered when the Stambaughs elected to stand on their pleading, and this appeal followed.

The Stambaughs' first six points of error all restate the same contention, that the trial

court erred in finding this roadway condition to be a premise defect, and thus erred in applying the standards applicable to premise defects. The City, in a cross-point[1], asserts that, even if this condition were determined to be a special defect, the summary judgment evidence conclusively demonstrated that it neither knew, nor reasonably should have known, of this condition, and thus, it could not be held liable even under the stricter standards governing the duty of a land owner to an invitee.

■ Whether a roadway hazard is a premise defect or a special defect is a question of law. *State v. Burris*, 877 S.W.2d 298, 299 (Tex.1994). The statute specifically mentions only "excavations or obstructions" as examples of special defects; interpretive judicial opinions have provided additional guidance. Though the language of the statute might suggest that the exception was intended to provide a higher standard for hazards created by the State or its instrumentalities, such as highway work and repair, that reading was rejected in *County of Harris v. Eaton*, 573 S.W.2d 177, 179 (Tex.1978):

> It is our view that an excavation or obstruction need not have been created by the governmental unit itself. Nothing in the statute expresses that idea.... Whether created by the governmental unit, *by natural forces*, or by third persons, the dangerous condition on the roadway is the same. (emphasis added).

In *Eaton* the hazard was very much like the one encountered here, a large hole in the pavement.

The terms "excavation" and "obstruction" have been interpreted to mean conditions that present "an unexpected or unusual danger to ordinary users of roadways." *State Dept. of Highways v. Kitchen*, 867 S.W.2d 784, 786 (Tex.1993). Thus, for example, flooding resulting from a temporary road repair has been found to constitute a special defect. *State Dept. of Highways v. Zachary*, 824 S.W.2d 813, 818 (Tex.App.—Beaumont 1992, writ denied). By way of contrast, ice on a bridge after a period of freezing, wet weather does not present a special defect, since an icy bridge is neither unexpected nor unusual in such circumstances. *State Dept. of Highways v. Kitchen*, 867 S.W.2d at 786. An off-road culvert, even if negligently designed or camouflaged, will not be a special defect if it poses no threat to ordinary users of a roadway. *State Dept. of Highways v. Payne*, 838 S.W.2d 235, 239 (Tex.1992).

■ The hazard at issue presented an unexpected and unusual danger to ordinary users of a roadway; this the City conceded in oral argument. But it argued that this condition could not have been a special defect because the danger did not exist until the Stambaughs drove over the weakened portion of the road, causing the cave-in. It contends that the vehicle itself created the hazard contemporaneously with the accident, and that this instantaneous conjunction of the hazard and the rolling weight of the vehicle precludes a finding that this was a special defect. But if indeed the weight of the Stambaugh's vehicle precipitated the cave-in, such occurrence merely manifested the hidden defect. We know of no case law holding that the period of time the hazard existed is a factor in determining the *character of the defect* itself.

The summary judgment evidence established that the hole created by the cave-in was roughly fifteen feet wide and ten feet long, situated in the roadway. The City acknowledged that the defect was properly classified as an "obstruction." We cannot avoid the conclusion, then, that this condition was a special defect, and Stambaugh's first six points of error are sustained.[2]

■ The City, in support of its cross-point, asserts that, even if this condition were a special defect, its summary judgment proof conclusively established that the City could not have reasonably known of this condition

---

1. The City's "cross-point" is not truly a cross-point, since it does not seek to assign error with respect to the judgment. Rather, it is an assertion that the judgment, as rendered, can be upheld on a ground other than that apparently relied upon by the trial court.

2. Because of our disposition of the substantive issues, we do not address the competence of the summary judgment evidence challenged in the Stambaughs' seventh point of error.

prior to the Stambaugh's accident. "[A] summary judgment cannot be affirmed on grounds not expressly set out in the motion or response." *Stiles v. Resolution Trust Corp.,* 867 S.W.2d 24, 26 (Tex.1993). The City's motion for summary judgment rests on one specific assertion, that, because this hazard was a premise defect, and because the City had no actual knowledge of it prior to the accident, it had no liability.[3] Unlike the City's brief on appeal, the summary judgment motion before the trial court did not assert, as an alternative ground for the rendition of summary judgment, the City's satisfaction of the higher standard of care required if the condition were found to be a special defect.[4]

> [A] motion for summary judgment must itself expressly present the grounds upon which it is made.... In determining whether grounds are expressly presented, reliance may not be placed on briefs or summary judgment evidence.

*McConnell v. Southside School Dist.,* 858 S.W.2d 337, 341 (Tex.1993). Because issue was never joined by the parties on this question of whether the City could have reasonably known of this hazard as a special defect, we are constrained to hold that the judgment rendered below cannot be upheld on that basis. The City's cross point of error is overruled.

The judgment of the court below is reversed, and the cause is remanded to the trial court for proceedings not inconsistent with this opinion.

---

3. The heart of the City's contention is summarized in paragraph 2 of its summary judgment motion, which follows a brief description of the plaintiffs' claims:

> City moves for summary judgment on the claims for relief asserted by Plaintiffs because Plaintiffs Oliver Stambaugh and Marla Stambaugh are licensees as a matter of law, and there are no allegations that the Defendant City injured them by willful, wanton or gross negligent conduct. The Stambaughs have pled

that the excavation, hole or obstruction is a special defect, but, as a matter of law, it is not.

4. The City's brief did contain assertions that the City could not have known of this hazard, but those were in support of its contention that, with respect to a premise defect, the City had no actual knowledge of the defect, and not in support of an express alternative ground of recovery, that the City was entitled to summary judgment even if the hazard were a special defect.