Opinion issued December 23, 2003












In The
Court of Appeals
For The
First District of Texas




NO. 01-03-00097-CV




HARRIS COUNTY, TEXAS, Appellant

V.

THE ESTATE OF STEPHANIE CICCIA, DECEASED; LUZ M. CICCIA, AS
PERSONAL REPRESENTATIVE AND AS INDEPENDENT ADMINISTRATRIX
OF THE ESTATE OF STEPHANIE CICCIA, DECEASED; LUIS CICCIA AND
LUZ M. CICCIA, INDIVIDUALLY AND AS PARENTS AND NEXT FRIENDS OF
STEPHANIE CICCIA, AND AS SOLE HEIRS OF THE ESTATE OF STEPHANIE
CICCIA, DECEASED; AND GIOVANNA CICCIA, INDIVIDUALLY, Appellees 




On Appeal from Probate Court No. 2
Harris County, Texas
Trial Court Cause No. 320,539-401




O P I N I O N
          This is an interlocutory appeal of the trial court’s denial of defendant/appellant
Harris County’s plea to the jurisdiction.


 Plaintiffs/appellees—the estate of Stephanie
Ciccia, deceased; Luz M. Ciccia, as personal representative and as independent
administratrix of the estate of Stephanie Ciccia, deceased; Luis Ciccia and Luz M.
Ciccia, individually and as parents and next friends of Stephanie Ciccia, and as sole
heirs of the estate of Stephanie Ciccia, deceased; and Giovanna Ciccia,
individually—sued the County after Stephanie Ciccia died from injuries that she
sustained in an automobile accident. Stephanie was a passenger in a car that crashed
into a concrete culvert located at the end of an unfinished, unlit roadway. 
          In a single issue presented for review, the County contends that the trial court
erred in denying its plea to the jurisdiction based on sovereign immunity. We must
determine whether the road hazard here resulted from a flawed road design, for which
the County does not waive its immunity from suit under the Texas Tort Claims Act,
(TTCA),


 or whether it was a premise or special defect for which the County is liable. 
Because we conclude the hazard here was a special defect, we affirm.
Facts
          As part of a capital improvement road project in Harris County, a median and
several turn lanes were constructed on Barker-Cypress road near Keith Harrow
Boulevard on what had previously been an undivided four-lane road. The
engineering plans included a right-hand turn lane, intended to serve a proposed
concrete plant, that was marked with striping, arrows, and the words “right turn only”
on the road surface.
          The lane was designed to turn into the driveway of the plant, but the plant was
never built and no driveway was necessary. The designated right-hand turn lane
remained, however, simply ending abruptly. At a later time, after this turn lane was
constructed, the County permitted the telephone company to add a concrete culvert
several yards beyond the end of the turn lane. This section of road was not lit; there
were neither barricades nor signs to warn drivers that the road simply stopped short
of a ditch containing a culvert. 
          Stephanie and Giovanni Ciccia were passengers in a car that drove into this
lane at 10:00 p.m. at night, traveled past the end of the road, and struck the concrete
culvert, killing Stephanie and injuring Giovanni. The Ciccias sued the County for
faulty road design and construction and for failing to warn of a special or premise
defect. The County filed a plea to the jurisdiction, which was denied by the trial
court, and this interlocutory appeal ensued.
Plea to the Jurisdiction
          In its sole issue on appeal, the County contends the Ciccias’ claims arise from
its discretionary decisions regarding the road design and the placement of warning
signs or traffic control devices, so there is no waiver of immunity. 
          As a preliminary matter, we first address the Ciccias’ contention that the
County’s appeal was not timely filed. Although the Ciccias argue that the notice of
appeal should have been filed within 20 days after the original order was signed, the
rule does not contain the word “original” and the Ciccias offer no authority to support
their argument. The order complained of was signed on January 17, 2003, and the
notice of appeal was filed on January 23, 2003, well within the 20-day limit.
Accordingly, we hold that the notice of appeal was timely filed. See Tex. R. App. P.
26.1(b) (“[I]n an accelerated appeal, the notice of appeal must be filed within 20 days
after the judgment or order is signed”). We will therefore reach the merits of the
County’s appeal. 
Standard of Review
          When deciding whether to grant a plea to the jurisdiction, the trial court looks
only to the allegations in the plaintiff’s pleadings, without considering their merits,
to determine if any of the claims raised support its jurisdiction. Baston v. City of Port
Isabel, 49 S.W.3d 425, 427 (Tex. App.—Corpus Christi 2001, pet. denied). Subject
matter jurisdiction is a question of law which this Court reviews de novo. Mayhew
v. Town of Sunnydale, 964 S.W.2d 922, 928 (Tex. 1998). Our role is to examine the
pleadings, taking the facts pleaded as true, and to determine whether those facts
support the trial court’s jurisdiction. Texas Ass’n of Business v. Texas Air Control
Bd., 852 S.W.2d 440, 446 (Tex. 1993). Here, the Ciccias’ pleadings, which we take
as true, state claims for negligent road design, premise defect, and special defect. 
Sovereign Immunity
          In general, governmental entities are immune from tort liability under the
doctrine of sovereign immunity unless the legislature has waived immunity. Dallas
Co. Mental Health & Mental Retardation v. Bossley, 968 S.W.2d 339, 341 (Tex.
1998). The Tort Claims Act does not provide a waiver of sovereign immunity for
claims arising from “the failure of a governmental unit initially to place a traffic or
road sign, signal, or warning device if the failure is a result of discretionary action of
the governmental unit.” Tex. Civ. Prac. & Rem. Code Ann. § 101.060(a)(1) (Vernon
1997); State v. Rodriguez, 985 S.W.2d 83, 85 (Tex. 1999). The discretionary function
exception to the waiver of sovereign immunity is designed to avoid judicial review
of governmental policy decisions. Mogayzel v. Texas Dep’t of Transp., 66 S.W.3d
459, 466 (Tex. App.—Fort Worth 2001, pet. denied).
          However, the Tort Claims Act does waive a governmental unit’s immunity to
liability based on violation of “the duty to warn of special defects such as excavations
or roadway obstructions.” Tex. Civ. Prac. & Rem. Code Ann. § 101.060(c); State
v. Rodriguez, 985 S.W.2d 83, 85 (Tex. 1999). A special defect is a condition of the
same kind or class as “excavations or obstructions on highways, roads, or streets” that
unexpectedly and physically impairs a vehicle’s ability to travel on the roadway, thus
presenting “an unusual and unexpected danger to ordinary users of roadways.”
Rodriguez, 985 S.W.2d at 85; State Dep’t of Highways & Pub. Transp. v. Payne, 838
S.W.2d 235, 238 (Tex. 1992) (op. on reh’g). When a special defect exists, the
government unit owes the same duty to users that a private landowner owes to an
invitee. Payne, 838 S.W.2d at 237. That is, the governmental unit must exercise
ordinary care to protect the user from a dangerous condition of which the government
unit is or reasonably should be aware. Id. 
          Whether a condition is a special defect is a question of law for the court.
Rodriguez, 985 S.W.2d at 85; Payne, 83 S.W.2d at 238. Thus, we must determine
here whether the facts indicate that the accident resulted from a flawed road design
or whether it resulted, instead, from a special defect which the County knew existed.



          Discussion
          Flawed Road Design
          The Tort Claims Act does not waive sovereign immunity for the discretionary
actions of a governmental unit. Tex. Civ. Prac. & Rem. Code Ann. § 101.056(2);
Rodriguez, 985 S.W.2d at 85. The design of a roadway is a discretionary function
involving many policy decisions; thus, the responsible governmental unit’s sovereign
immunity is not waived for flawed roadway design. Id. 
          Here, the road was initially designed with a designated right-hand turn lane
marked with striping, arrows, and the words “right turn only” on the road surface. to
serve a proposed concrete plant that was never built. Although the County’s
construction of the right hand turn lane here was premature, and ultimately
unnecessary, we acknowledge that its construction was part of the road design and
not a special defect. The design of a roadway is a permanent feature and thus not an
unusual or unexpected danger. See Villarreal v. State, 810 S.W.2d 419, 422 (Tex.
App.—Dallas 1991, writ denied) (median which was long-standing modification in
roadway not special defect). Nor is flawed roadway design of the same nature, kind,
or class as an excavation or obstruction which unexpectedly and physically impairs
a vehicle’s ability to travel on the roadway. Rodriguez, 985 S.W.2d at 85-86
(complaints of defective detour design that included 90-degree right turn and no signs
warning of sharp turn did not state claim for special defect as matter of law); see also
City of Mission v. Cantu, 89 S.W.3d 795, 812 (Tex. App.—Corpus Christi 2002, no
pet.) (change in road width without warning signs not special defect); Mogayzel, 66
S.W.3d at 466) (lack of barriers, guardrails, warning signs, or barrels not special
defect); Wenzel v. City of New Braunfels, 852 S.W.2d 97, 100 (Tex. App.—Austin
1993, no writ) (inadequate lighting not excavation or roadway obstruction, so not
special defect). 
          We hold that the County did not waive its sovereign immunity to liability for
its initial design of the “right turn only” lane. Nevertheless, we conclude that the
hazard here was not the result of a flawed road design, but instead resulted from the
presence of a special defect. We reach this conclusion for several reasons.
          Special Defect
          Special defects “unexpectedly and physically impair a vehicle’s ability to travel
on the road.” Rodriguez, 985 S.W.2d at 85; see, e.g., Morse v. State, 905 S.W.2d 470,
475 (Tex. App.—Beaumont 1995, writ denied) (10"drop-off along shoulder that
prevented car’s left wheels from reentering roadway once they slipped off was special
defect); Stambaugh v. City of White Oak, 894 S.W.2d 818, 820 (Tex. App.—Tyler
1994, no writ) (caved-in portion of road 15' by 10' special defect); State v. Nichols,
609 S.W.2d 571, 573 (Tex. Civ. App.—Waco 1980, writ ref’d n.r.e.) (3-4' caved-in
portion of highway special defect); State v. McBride, 601 S.W.2d 552, 558 (Tex. Civ.
App.—Waco 1980, writ ref’d n.r.e.) (slick, muddy excavation special defect);
Miranda v. State, 591 S.W.2d 568, 569 (Tex. Civ. App.—El Paso 1979, no writ)
(flood water two feet deep across highway special defect). 
          The dangerous condition need not have been created or caused by the
government unit to constitute a special defect for which the governmental unit has a
duty to warn. County of Harris v. Eaton, 573 S.W.2d 177, 179 (Tex. 1978);
Mogayzel, 66 S.W.3d at 466. Nor need it occur on the road surface itself to constitute
a special defect, if it is close enough to present a threat to the normal users of a road. 
Peterson v. City of Fort Worth, 966 S.W.2d 773, 775 (Tex. App.—Fort Worth 1998,
no pet.); Morse, 905 S.W.2d at 474-75. 
          The Ciccias rely in particular on this Court’s holding in City of Houston v.
Jean, 517 S.W.2d 596, 599 (Tex. App.—Houston [1st Dist.] 1974, writ ref’d n.r.e.),
in which the court held that “a street which suddenly stopped only four feet from a
6-foot ditch and with only a 150 to 250 watt bulb lighting the area constituted a
dangerous condition, and that the City was negligent in its failure to warn or protect
travelers against such danger.” We agree with the Ciccias that the circumstances in
this case are virtually indistinguishable from those in Jean, i.e., a road that suddenly
ended with a ditch—here, a ditch with a concrete culvert in it—just beyond the road’s
end and that had inadequate lighting.
          The culvert located beyond the end of the road onto which the “right turn only”
lane directed traffic satisfies the definition of a special defect as a condition of the
same kind or class as an excavation or obstruction that unexpectedly and physically
impaired the Ciccias’ car’s ability to travel on the roadway. There was no indication
that the road simply ended, and no lighting by which to see this at night. While the
sudden ending of the road onto which traffic was directed could simply have been a
nuisance if a car had become mired in unpaved earth, the culvert located just beyond
the end of road presented an unusual and unexpected danger to ordinary users of the
designated right turn lane. The culvert was not part of the roadway design; nor was
the placement of the culvert an initial discretionary decision made in connection with
the construction of the “right turn only” lane on Barker-Cypress Road. Rather, the
culvert was added by a third party with the County’s permission after the right turn
lane had been constructed; thus the County knew of this dangerous condition and had
a duty to warn of the special defect. See Payne, 838 S.W.2d at 237.
          Even though the construction of the designated “right turn only” lane here was
an initial discretionary decision of the County that was subject to immunity under
section 101.060(a) of the Civil Practice and Remedies Code, the County’s immunity
to liability for failure to warn about the unlit culvert beyond the end of the road was
still waived by section 101.060(b). See Rodriguez, 985 S.W.2d at 86 (even if sign
placement decisions were discretionary, State still waived immunity if detour’s
alleged defects were special defects). Accordingly, we hold that the unlit culvert
yards beyond the end of the road was a special defect and that the County was not
immune from liability for its failure to warn of the defect.
          The trial court did not err in denying the County’s plea to the jurisdiction. 
 

          We affirm the trial court’s order.
 
 
Evelyn V. Keyes
                                                             Justice
 
Panel consists of Justices Keyes, Alcala, and Hedges


.