Opinion issued January 6, 2005
     










In The
Court of Appeals
For The
First District of Texas




NO. 01-03-00519-CV




ELZA SMITH AND BEVERLY SMITH, Appellants

V.

CITY OF HOUSTON AND MEB ENGINEERING, INC., Appellees




On Appeal from the 151st District Court
Harris County, Texas
Trial Court Cause No. 2000-38077




MEMORANDUM OPINION
          This is an appeal from the trial court’s judgment in which it granted 
defendant/appellee City of Houston’s plea to the jurisdiction and defendant/appellee
MEB Engineering, Inc.’s motion for summary judgment after both were sued by
appellants, Elza and Beverly Smith, who were injured in a motorcycle accident on a
Houston street under construction. In two issues, the Smiths contend the trial court
erred (1) in granting the City’s plea to the jurisdiction because sovereign immunity
was waived and (2) in rendering summary judgment for MEB because there are
genuine issues of material fact precluding summary judgment. We affirm.
Facts
          In April 1999, the Smiths were riding their motorcycle at night heading west
on Polk street in downtown Houston when they drove into the intersection of Polk
and San Jacinto streets, hit a manhole cover that was recessed from the roadway grade
by approximately three inches, were thrown from the motorcycle, and sustained
serious injuries.
          The City hired MEB to resurface several downtown streets, and one of MEB’s
crews was working on the east side of Polk when the Smiths had their accident on the
west side of the street. At the time of the accident, MEB had not yet begun any work
on the west side of Polk. The Smiths sued the City, MEB, and the Metropolitan
Transit Authority (MTA), alleging that MEB, in its work as a subcontractor for the
MTA, had created either a special defect or a premises defect, seeking $250,000 in
damages plus pre-and-post judgment interest, and seeking joint and several liability
for damages from the City and MTA under the doctrine of respondeat superior. 
          After the trial court rendered summary judgment for MTA, granted the City’s
plea to the jurisdiction, and rendered summary judgment for MEB, this appeal
ensued.


 
The City’s Plea to the Jurisdiction
          In their first issue, the Smiths contend that the trial court erred in granting the
City’s plea to the jurisdiction and that, if their pleadings were defective, they should
have been given an opportunity to amend them. We need not consider the issue of
whether the Smiths should have been permitted to amend their pleadings because they
did, in fact, amend their pleadings after the City had filed its plea to the jurisdiction. 
          In their live pleadings, the Smiths contended that their accident resulted from
crashing their motorcycle when they hit a recessed manhole on a city street that was
under construction. They contend that this condition of the road was either a
premises defect or a special defect, for which the City was not immune from suit.
          Sovereign immunity from suit deprives a trial court of subject-matter
jurisdiction for lawsuits in which the state or certain governmental units have been
sued unless the state consents to suit. Tex. Dep’t of Parks & Wildlife v. Miranda, 133
S.W.3d 217, 225 (Tex. 2004). Sovereign immunity from suit defeats a trial court’s
subject matter jurisdiction and thus is properly asserted in a plea to the jurisdiction. 
Id. at 225-26. 
          Standard of Review
          Whether a court has subject-matter jurisdiction is a question of law, and
whether a pleader has alleged facts that affirmatively demonstrate a trial court’s
subject matter jurisdiction is a question of law that we review de novo. Id. In some
cases, disputed evidence of jurisdictional facts that also implicate the merits of the
case may require resolution by the finder of fact. Id. When we review a plea to the
jurisdiction, we take as true all evidence favorable to the nonmovant, and we indulge
every reasonable inference and resolve any doubts in the nonmovant’s favor. Id. at
228. 
          Principles of Sovereign Immunity
          In general, governmental entities are immune from tort liability under the
doctrine of sovereign immunity unless the Legislature has waived immunity. Dallas
County Mental Health & Mental Retardation v. Bossley, 968 S.W.2d 339, 341 (Tex.
1998). The Texas Tort Claims Act waives sovereign immunity under certain
circumstances. Tex. Civ. Prac. & Rem. Code Ann. § 101.021 (Vernon Supp. 2004-2005). If a negligent act occurs during the performance of a governmental function,
sovereign immunity is waived only if the negligence falls under the waiver of
immunity set out in section 101.021. Id.; City of Houston v. Rushing, 7 S.W.3d 909,
913-14 (Tex. App.—Houston [1st Dist.] 1999, pet. denied). The State is liable for
torts committed by its employees when performing proprietary functions. State v.
Terrell, 588 S.W.2d 784, 788 (Tex. 1979). Maintenance activities undertaken at the
operational level are not discretionary functions; thus, a governmental unit is not
immune from liability when performing maintenance activities. City of Fort Worth
v. Gay, 977 S.W.2d 814, 817 (Tex. App.—Fort Worth 1998, no pet.). Street
maintenance, including the duty to warn of defects in the street, is considered one of
the proprietary functions for which the City is not immune from suit. See Turvey v.
City of Houston, 602 S.W.2d 517, 519 (Tex. 1980). 
          Both an ordinary premises defect and a special defect can, and often do,
constitute dangerous conditions; the legal distinction between the two defects lies in
the duty owed to the person injured as a result of the defect. State Dep’t of Highways
& Pub. Transp. v. Payne, 838 S.W.2d 235, 237 (Tex. 1992) (op. on reh’g). Under the
Texas Tort Claims Act, if a claim arises from a premises defect, a governmental unit
owes a claimant only the duty that a private person owes to a licensee on private
property, unless the claimant pays to use the premises. Tex. Civ. Prac. & Rem.
Code Ann. § 101.022(a) (Vernon Supp. 2004-2005). This limitation does not apply,
however, to the duty of a governmental unit to warn of “special defects such as
excavations or obstructions on highways, roads, or streets.” Id. § 101.022(b)
(emphasis added); State v. Rodriguez, 985 S.W.2d 83, 85 (Tex. 1999). Taking as true
all evidence favorable to the Smiths, indulging every reasonable inference, and
resolving any doubts in the Smiths’ favor, we must determine whether, as a matter of
law, the recessed manhole cover that the Smiths struck constituted a special defect,
a premises defect, or neither. If it was neither a special defect nor a premises defect,
the Smiths cannot prevail.
Was this a Special Defect?
          The Texas Tort Claims Act waives a governmental unit’s immunity to liability
based on violation of “the duty to warn of special defects such as excavations or
roadway obstructions.” Tex. Civ. Prac. & Rem. Code Ann. § 101.060(c) (Vernon
Supp. 2004-2005); Rodriguez, 985 S.W.2d at 85. When a special defect exists, the
governmental unit owes the same duty to users that a private landowner owes to an
invitee. Payne, 838 S.W.2d at 237. That is, the governmental unit must exercise
ordinary care to protect the user from a dangerous condition of which the
governmental unit is or reasonably should be aware. Id. 
          Whether a condition is a special defect is a question of law. Rodriguez, 985
S.W.2d at 85; Payne, 838 S.W.2d at 238. A “special defect” is a condition of the
same kind or class as “excavations or obstructions on highways, roads, or streets” that
unexpectedly and physically impairs a vehicle’s ability to travel on the roadway. 
Rodriguez, 985 S.W.2d at 85; Payne, 838 S.W.2d at 238. For a condition to rise to
the level of a special defect, it must not only present a threat to the ordinary user of
a roadway, but the threat posed must also be unexpected and unusual. State Dep’t of
Highways & Pub. Transp. v. Kitchen, 867 S.W.2d 784, 786 (Tex. 1993). The
dangerous condition need not have been created or caused by the governmental unit
to constitute a special defect for which the governmental unit has a duty to warn. 
County of Harris v. Eaton, 573 S.W.2d 177, 179 (Tex. 1978).
          Texas courts sometimes consider holes in the road to be special defects. See,
e.g., Stambaugh v. City of White Oak, 894 S.W.2d 818, 820 (Tex. App.—Tyler 1994,
no writ) (10' x 15'caved-in portion of road was special defect); State v. Nichols, 609
S.W.2d 571, 573 (Tex. Civ. App.—Waco 1980, writ ref’d n.r.e.) (3-4' caved-in
portion of highway was special defect); Eaton, 573 S.W.2d at 178-79 (Tex. 1978)
(hole in road six to ten inches deep extending across ninety percent of the roadway
was special defect); Sutton v. State Dep’t of Highways, 549 S.W.2d 59, 60-61 (Tex.
Civ. App.—Waco 1977, writ ref’d n.r.e.) (severe depression in highway where
asphalt sunk below abutting concrete bridge was special defect). In determining
whether a hole in the road constitutes a special defect, Texas courts generally evaluate
two factors: (1) the size of the hole, see Eaton, 573 S.W.2d at 179, and (2) whether
such a hole could be considered a routine road hazard, see Durham v. Bowie County,
135 S.W.3d 294, 297 (Tex. App.—Texarkana 2004, pet. denied) (noting that potholes
and ruts on unpaved rural road should be expected).
          The size of the defect here is not comparable to the sizes of the holes in the
foregoing cases. The cover of the manhole was not missing, and the diameter of the
hole was no more than the usual size of a manhole (perhaps 18") and the depth was
only three to four inches. The pictures of the recessed manhole in the record show
nothing unusual about the depth in relation to the grade of the road, i.e., there is no
gaping hole or recess that is easily observed by the naked eye.
          Nor can the defect here be considered anything but routine. As a practical
matter, Houston streets are full of potholes. In deposition, when Elza Smith was
questioned about the conditions of Houston streets, he responded as follows:
Q:Have you ever seen any chuckholes or potholes in the road?
          A:      This is Houston.
          Q:      They’re all over the place, right? Is that correct?
          A:      Yes.
          Q:      Especially downtown?
          A:      At this time.
          Given the reality of Houston streets and Smith’s awareness of that reality, we
conclude that the road condition here did not rise to the level of a special defect for
which the City had a duty to warn drivers because the recessed manhole cover was
neither unusually large nor out of the ordinary.
          Was This a Premises Defect?
          If this condition was a premises defect, the City owed the Smiths the same duty
that a private landowner owes a licensee, i.e. the duty of ordinary care to protect the
licensee from danger. See Tex. Civ. Prac. & Rem. Code Ann. § 101.022(b); Eaton,
573 S.W.2d at 178. To establish premises liability, a licensee must prove that (1) a
condition of the premises created an unreasonable risk of harm to the licensee; (2)
the owner actually knew of the condition; (3) the licensee did not actually know of
the condition; (4) the owner failed to exercise ordinary care to protect the licensee
from danger; and (5) the owner’s failure was a proximate cause of injury to the
licensee. Payne, 838 S.W.2d at 237.
          Based on the pictures and Elza Smith’s deposition testimony, we conclude that
a manhole cover that is recessed not more than four inches in a location where
potholes are frequently encountered does not pose an unreasonable risk of harm. In
addition, the Smiths did not offer any evidence to show that the City had actual
knowledge of this condition, even if the condition had posed an unreasonable risk. 
Therefore, we hold that this was not a premises defect for which the City’s immunity
is waived by the Texas Tort Claims Act. We hold that the trial court did not err in
granting the City’s plea to the jurisdiction.
          We overrule the first issue.
Summary Judgment
          In their second issue, the Smiths contend the trial court erred in rendering
summary judgment for MEB because MEB was in control of the roadway where the
accident occurred.
 
          Standard of Review
          Summary judgment is proper when there is no genuine issue of material fact
and the movant is entitled to judgment as a matter of law. Nixon v. Mr. Prop. Mgmt.,
690 S.W.2d 546, 548 (Tex. 1985). A defendant who conclusively negates an
essential element of a plaintiff’s claim is entitled to summary judgment. Wornick Co.
v. Casas, 856 S.W.2d 732, 733 (Tex. 1993). Whether a defendant has a legal duty is
a question of law. Timberwalk Apartments Partners, Inc. v. Cain, 972 S.W.2d 749,
756 (Tex. 1998). In its motion for summary judgment, MEB attached an affidavit
from the company’s president, Masood E. Bhatti, in which he swore:
MEB Engineering, Inc. was not and had never been in control of the
portion of the road surface where the Plaintiffs claim the defective
condition existed. Neither MEB Engineering, Inc. or [sic] its
subcontractors had not [sic] done any excavation and/or road work on
the road surface where the Plaintiffs claim the defective condition
existed. MEB Engineering did not created [sic] the allegedly defective
condition on the road surface where the Plaintiffs claim the road was
defective.

          The Smiths reiterate the facts of the accident and contend that MEB’s legal
duty was established because the record contains (1) the contract between the City
and MEB governing the road reconstruction; (2) Bhatti’s deposition testimony that
the project involved replacing the entirety of San Jacinto street, including
intersections; (3) the inference that heavy road machinery would be used in and
around the construction area; (4) the City’s answer to interrogatories confirming the
existence of the construction project; and (5) photographs showing the extent of the
construction site. We cannot agree. These allegations are merely conclusory. None
of this evidence or reasonable inferences from it rebuts Bhatti’s affidavit swearing
that MEB had no control over the side of the street where this accident occurred and
denying that MEB had created the defect in the first place. In fact, the pictures in the
record demonstrate the opposite—that any control that MEB exercised was on the
opposite side of the road from the manhole.
          Accordingly, we hold there was no genuine issue of material fact and MEB was
entitled to summary judgment as a matter of law.
          We overrule the second issue.
          We affirm the trial court’s judgment.
 
 
                                                             Evelyn V. Keyes
                                                             Justice
 
Panel consists of Chief Justice Radack and Justices Keyes and Alcala.