The STATE of Texas, Petitioner,

v.

Maria Louisa RODRIGUEZ, representative of the minor children of the marriage of Maria Louisa Rodriguez and Juan Garcia Rodriguez, Juan Rodriguez, Jr., Rene Angel Rodriguez, Julissa Rodriguez and Cynthia Rodriguez, Julio Cesar Rodriguez, et al., Respondents.

No. 98–0265.

Supreme Court of Texas.

Jan. 7, 1999.

Susan Desmarais Bonnen, Grady Click, Dan Morales, Jorge Vega, David A. Talbot, Jr., Austin, for petitioner.

Robert Anderson, Corpus Christi, for respondents.

PER CURIAM.

This case involves the State's immunity in a wrongful death case. In 1990, Juan Garcia Rodriguez was killed when his tractor-trailer rig hit a bridge abutment along the side of a detour on U.S. Highway 77 in Corpus Christi. The detour directed traffic onto a frontage road to avoid a large excavation on U.S. 77. After following the detour for about one mile, Rodriguez failed to complete a ninety-degree turn in the detour. Instead, at the turn, he drove onto the detour shoulder and side-swiped the bridge abutment, causing his rig to roll-over. Rodriguez's widow and children sued the State of Texas and the City of Corpus Christi, alleging that the detour was unreasonably dangerous and had inadequate warning signs.

The trial court granted summary judgment for the City, and the court of appeals affirmed that judgment. The trial court also granted the State's summary judgment motion based on sovereign immunity. The court of appeals reversed and remanded, holding that: (1) the State waived its sovereign immunity under the Texas Tort Claims Act; and (2) governmental employees' official immunity did not confer sovereign immunity on the State. 960 S.W.2d 355. We conclude that the State was entitled to judgment based on sovereign immunity. Accordingly, we reverse the court of appeals' judgment and render judgment that Rodriguez take nothing.

The Texas Tort Claims Act provides that the State waives its sovereign immunity for "personal injury and death so caused by a condition or use of . . . real property if the governmental unit would, were it a private person, be liable to the claimant. . . ." TEX. CIV. PRAC. & REM. CODE § 101.021(2). However, the Act provides that the State retains sovereign immunity in two situations.

■ First, under section 101.056, the State preserves its immunity for an act "if the law leaves the performance or nonperformance of the act to the discretion of the governmental unit." TEX. CIV. PRAC. & REM. CODE § 101.056(2). Thus, if the State's action is discretionary, it does not waive its immunity. See State v. Burris, 877 S.W.2d 298, 299 (Tex.1994). An act is discretionary if it requires exercising judgment and the law does not mandate performing the act with such precision that nothing is left to discretion or judgment. See City of Lancaster v. Chambers, 883 S.W.2d 650, 654 (Tex. 1994). Design of any public work, such as a roadway, is a discretionary function involving many policy decisions, and the governmental entity responsible may not be sued for such decisions. See Villarreal v. State, 810 S.W.2d 419, 422 (Tex.App.—Dallas 1991, writ denied).

■ Second, under section 101.060, the State does not waive its sovereign immunity for claims arising from "the failure of a governmental unit initially to place a traffic or road sign, signal, or warning device if the failure is a result of discretionary action of the governmental unit." TEX. CIV. PRAC. & REM. CODE § 101.060(a)(1). Nevertheless, even if sign-placement decisions are discretionary, the State waives immunity for "the duty to warn of special defects such as excavations or roadway obstructions." TEX. CIV. PRAC. & REM. CODE § 101.060(c). Whether a condition is an ordinary premise defect or a special defect is a question of law. See State Dep't of Highways v. Payne, 838 S.W.2d 235, 238 (Tex.1992).

■ A special defect must be a condition of the same kind or class as an excavation or roadway obstruction and present "an unexpected and unusual danger to ordinary users of roadways." Payne, 838 S.W.2d at 238; see County of Harris v. Eaton, 573 S.W.2d 177, 179 (Tex.1978). Special defects unexpectedly and physically impair a car's ability to travel on the road. See, e.g., Morse v. State, 905 S.W.2d 470, 475 (Tex.App.—Beaumont 1995, writ denied) (holding that ten-inch drop-off along shoulder that prevented car's left wheels from reentering the roadway once they had slipped off was a special defect); see, e.g., State Dep't of Highways v. Kitchen, 867 S.W.2d 784, 786 (Tex.1993) (holding that ice on bridge during winter was not a special defect because it is not unexpected or unusual).

■ Here, the court of appeals concluded that the State waived its immunity under

section 101.021(2). 960 S.W.2d 355. The court erroneously failed to apply sections 101.056 and 101.060 to the facts of this case. *See* TEX. CIV. PRAC & REM.CODE §§ 101.056 and 101.060. Under these provisions, the State retained its immunity for detour design and sign placement.

Under section 101.056, the State retained its immunity for the detour design because the design was a discretionary act. *See* TEX. CIV. PRAC. & REM. CODE § 101.056(2); *Villarreal,* 810 S.W.2d at 422. Here, the design of this detour involved the same type of policy-level decisions as that of designing a roadway and as such, is a discretionary act. *See Villarreal,* 810 S.W.2d at 422. The detour was a temporary roadway, and likewise, its location and design were the result of the state engineer office's discretionary judgment. *See Villarreal,* 810 S.W.2d at 422. In his uncontroverted affidavit, the State's area engineer, Patrick Norrell, stated that his office designed the detour based on his "best engineering judgment." As a result, the State did not waive its sovereign immunity for the detour design. *See* TEX. CIV. PRAC. & REM. CODE § 101.056.

In addition, under section 101.060 the State retained its immunity for warning sign placement because it also was a discretionary act and because the detour was not a special defect. *See* TEX. CIV. PRAC. & REM. CODE § 101.060. The State's traffic engineers decided, in their discretion, where to place the warning signs. *See State Dep't of Highways v. King,* 808 S.W.2d 465, 466 (Tex. 1991). The State's area engineer, Norrell, stated that when the accident occurred, his office had designed the existing warning signs according to his best engineering judgment. Thus, the State did not waive its immunity for warning signage. *See* TEX. CIV. PRAC. & REM. CODE § 101.060(a)(1).

However, even if the sign placement decisions were discretionary, the State still waives immunity if the detour's alleged defects were special defects. *See* TEX. CIV. PRAC. & REM. CODE § 101.060(c). Under this record this detour is neither an "excavation or obstruction," nor a similar condition presenting an "unexpected and unusual danger to ordinary users of the roadway," and as such is not a special defect as a matter of law. *See Payne,* 838 S.W.2d at 238–39. The court of appeals reasoned that because the detour was designed to route U.S. 77 around an excavation, the excavation's status as a special defect extended to the detour. Again, we disagree. The excavation did not cause the accident. The detour was located near the excavation, but it was not a condition of the same kind or class as the excavation. *See Eaton,* 573 S.W.2d at 179; *Payne,* 838 S.W.2d at 238. This detour's sharp turn and other alleged design flaws did not unexpectedly and physically impair a vehicle's ability to travel on the roadway in the same way as a ditch in the road or a ten-inch drop along the shoulder. *See Payne,* 838 S.W.2d at 238; *Morse,* 905 S.W.2d at 475.

Because the State has not waived its immunity under the Texas Tort Claims Act, we do not reach the issue of whether the State is immune based on its employees' official immunity.

Accordingly, without hearing oral argument, the Court grants the State's petition for review. TEX. R. APP. P. 59.1. Because the State did not waive its sovereign immunity, we reverse the court of appeals' judgment and render judgment that Rodriguez take nothing.