TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-98-00705-CV






Steve McGlasson, Dawn McGlasson, and Wendy McGlasson, Appellants



v.



City of Austin, Appellee






FROM THE DISTRICT COURT OF TRAVIS COUNTY, 126TH JUDICIAL DISTRICT


NO. 95-11307, HONORABLE MARGARET A. COOPER, JUDGE PRESIDING 







 Appellants Steve McGlasson, Dawn McGlasson, and Wendy McGlasson sued the
City of Austin for negligence in connection with a single-car accident in which Wendy was
injured. The trial court granted summary judgment in the City's favor. The McGlassons raise
one issue on appeal, alleging the trial court erred in ruling that conditions that contributed to the
accident did not constitute special defects. We will affirm the judgment of the trial court.


BACKGROUND

 The accident in which Wendy McGlasson was injured occurred one block from her
home in a very sharp turn at the intersection of Albert Road and Sherwood Road in south Austin. 
The intersection is located in a residential area and is subject to a speed limit of thirty miles per
hour. The record indicates that Travis County built the intersection before the end of 1968, after
a portion of Albert Street was closed, and that only one or two accidents have occurred there in
the last twenty years. 

 On February 6, 1995, Wendy was a passenger in Michael Dempsey's truck when
Dempsey attempted to negotiate the sharp left turn from Albert onto Sherwood traveling forty-five
or fifty-five miles per hour. Dempsey told the police that when he "stomped on" the brakes, the
truck skidded and slammed into a utility pole. The impact seriously injured Wendy. 

 Wendy's parents, Steve and Dawn McGlasson, individually and as next friends of
their then-minor daughter, sued the City and two other defendants alleging several causes of
action, including the City's negligent failure to warn of a special defect. The trial court granted
summary judgment in favor of the other two defendants and a partial summary judgment in favor
of the City. In its order, the court expressly held that none of the road conditions at issue in the
suit constituted a special defect. This conclusion is the only one that the McGlassons dispute in
this appeal. (1)


STANDARD OF REVIEW


 The standards for reviewing a motion for summary judgment are well-established:
(1) the movant for summary judgment has the burden of showing that no genuine issue of material
fact exists and that it is entitled to judgment as a matter of law; (2) in deciding whether there is
a disputed material fact issue precluding summary judgment, evidence favorable to the nonmovant
will be taken as true; and (3) every reasonable inference must be indulged in favor of the
nonmovant and any doubts resolved in its favor. See Nixon v. Mr. Property Management Co.,
690 S.W.2d 546, 548-49 (Tex. 1985). The function of summary judgment is not to deprive
litigants of the right to trial by jury, but to eliminate patently unmeritorious claims and defenses. 
See Swilley v. Hughes, 488 S.W.2d 64, 68 (Tex. 1972).

 Whether a condition constitutes a special defect is a question of law. See Rodriguez
v. State, 985 S.W.2d 83, 85 (Tex. 1999). We review the trial court's ruling under a de novo
standard of review. See Republic W. Ins. Co. v. State, 985 S.W.2d 698, 701 (Tex. App.--Austin
1999, pet. dism'd w.o.j.).

 The McGlassons assert that the shape, width, and condition of the roadway and the
absence of a warning sign constituted a special defect. We must take as true the evidence of those
conditions alleged by the McGlassons and determine whether the City has shown as a matter of
law that the conditions did not constitute a special defect. 


DISCUSSION


 The Texas Tort Claims Act waives sovereign immunity for certain causes of action
against a governmental unit. See Tex. Civ. Prac. & Rem. Code Ann. §§ 101.001-.109 (West
1997). The Act retains immunity for the governmental unit's decisions with respect to the
placement of such items as warning signs and traffic signals but provides that a governmental
entity can be sued for its failure to warn of "special defects such as excavations or roadway
obstructions." Id. § 101.060(c). 

 On appeal, the McGlassons contend that summary judgment was improper because
the "combination of poor road maintenance, the gravel covering the road surface, and the sharp,
unexpected turn" constitutes a special defect. However, in their petition the McGlassons asserted
that the failure to maintain the roadway and the failure to keep the road free of gravel constituted
acts of negligence separate from their allegation of special defect. Thus, the argument that the
three conditions combined to create a special defect is made for the first time on appeal. Issues
not expressly presented to the trial court by written motion, answer, or other response cannot be
considered on appeal as grounds for reversal. See Tex. R. Civ. P. 166a(c); see also Carlisle v.
Philip Morris, Inc., 805 S.W.2d 498, 517-18 (Tex. App.--Austin 1991, writ denied). We will
address only the allegations of special defect made to the trial court. 

 The McGlassons' petition alleged five potentially hazardous roadway conditions
that they claim constituted a special defect: (1) the sudden narrowing of the roadway without
warning; (2) the dangerously sharp curve of the roadway; (3) the lack of visual cues indicating
that the formerly straight road had been closed off and changed into a dangerously sharp curve;
(4) the fact that the curve required drivers to reduce their speed to ten or eleven miles per hour
to negotiate the curve safely; and (5) the failure to provide a safe runoff area or some other
contingency in the event that vehicles run off the road because Sherwood is narrow. The
McGlassons' engineer presented the trial court with evidence that these conditions existed through
his report and deposition testimony. 

 All five alleged defects concern the shape of the road curve and the visual cues of
its existence. As the City points out in its motion for summary judgment, these defects involve
the design of the intersection and the absence of signs. Under the Tort Claims Act, governmental
units retain immunity for street design and sign placement because these are discretionary acts
involving decisions of policy. See Tex. Civ. Prac. & Rem. Code Ann. § 101.056(2) (West 1997); 
Rodriguez, 985 S.W.2d at 85. The City therefore retains immunity from suit for the complaints
alleged. (2) 

 Even if we were to consider the curve, the gravel, and the run-down roadway
conditions together, we would still not conclude that they combine to constitute a special defect
requiring the City to warn of their existence. Under the rule of statutory construction known as
ejusdem generis, Texas courts construe "special defect" to include only those defects of the same
kind or class as the ones expressly mentioned in the statute. See Harris County v. Eaton, 573
S.W.2d 177, 179 (Tex. 1978). The conditions alleged are not defects similar to excavations or
roadway obstructions. In addition, a special defect must present an "unexpected and unusual
danger to ordinary users of roadways." Rodriguez, 985 S.W.2d at 86. This road has existed
since 1968 and could not be said to present an unexpected or unusual danger. As for the gravel
and run-down roadway, such conditions involve routine maintenance and are not special defects. 
See City of Grapevine v. Roberts, 946 S.W.2d 841, 843 (Tex. 1997) (noting, in denying writ, that
a cracked and crumbling step was not a special defect). Assuming that all of the conditions
alleged by the McGlassons existed, we hold that they are not of the same kind or class as those
listed in the statute. The argument raised in the McGlassons' sole point of error is overruled.


CONCLUSION

 Having overruled the argument raised in the McGlassons' sole issue, we affirm
the judgment of the trial court.



 


 Marilyn Aboussie, Chief Justice

Before Chief Justice Aboussie, Justices Kidd and B. A. Smith 

Affirmed

Filed: October 7, 1999

Do Not Publish
1. The cause involving the other two defendants was severed, and a second summary judgment
was granted to the City, disposing of the rest of the cause. 
2. The City also argues that, if the design of the road could constitute a special defect, the City
could not be liable since Travis County designed and built the intersection before the area was
incorporated by the City. Since we have held that design is a discretionary function, we need not
address the City's argument.



M>§ 101.060(c). 

 On appeal, the McGlassons contend that summary judgment was improper because
the "combination of poor road maintenance, the gravel covering the road surface, and the sharp,
unexpected turn" constitutes a special defect. However, in their petition the McGlassons asserted
that the failure to maintain the roadway and the failure to keep the road free of gravel constituted
acts of negligence separate from their allegation of special defect. Thus, the argument that the
three conditions combined to create a special defect is made for the first time on appeal. Issues
not expressly presented to the trial court by written motion, answer, or other response cannot be
considered on appeal as grounds for reversal. See Tex. R. Civ. P. 166a(c); see also Carlisle v.
Philip Morris, Inc., 805 S.W.2d 498, 517-18 (Tex. App.--Austin 1991, writ denied). We will
address only the allegations of special defect made to the trial court. 

 The McGlassons' petition alleged five potentially hazardous roadway conditions
that they claim constituted a special defect: (1) the sudden narrowing of the roadway without
warning; (2) the dangerously sharp curve of the roadway; (3) the lack of visual cues indicating
that the formerly straight road had been closed off and changed into a dangerously sharp curve;
(4) the fact that the curve required drivers to reduce their speed to ten or eleven miles per hour
to negotiate the curve safely; and (5) the failure to provide a safe runoff area or some other
contingency in the event that vehicles run off the road because Sherwood is narrow. The
McGlassons' engineer presented the trial court with evidence that these conditions existed through
his report and deposition testimony. 

 All five alleged defects concern the shape of the road curve and the visual cues of
its existence. As the City points out in its motion for summary judgment, these defects involve
the design of the intersection and the absence of signs. Under the Tort Claims Act, governmental
units retain immunity for street design and sign placement because these are discretionary acts
involving decisions of policy. See Tex. Civ. Prac. & Rem. Code Ann. § 101.056(2) (West 1997); 
Rodriguez, 985 S.W.2d at 85. The City therefore retains immunity from suit for the complaints
alleged. (2) 

 Even if we were to consider the curve, the gravel, and the run-down roadway
conditions together, we would still not conclude that they combine to constitute a special defect
requiring the City to warn of their existence. Under the rule of statutory construction known as
ejusdem generis, Texas courts construe "special defect" to include only those defects of the same
kind or class as the ones expressly mentioned in the statute. See Harris County v. Eaton, 573
S.W.2d 177, 179 (Tex. 1978). The conditions alleged are not defects similar to excavations or
roadway obstructions. In addition, a special defect must present an "unexpected and unusual
danger to ordinary users of roadways." Rodriguez, 985 S.W.2d at 86. This road has existed
since 1968 and could not be said to present an unexpected or unusual danger. As for the gravel
and run-down roadway, such conditions involve routine maintenance and are not special defects. 
See City of Grapevine v. Roberts, 946 S.W.2d 841, 843 (Tex. 1997) (noting, in denying writ, that
a cracked and crumbling step was not a special defect). Assuming that all of the conditions
alleged by the McGlassons existed, we hold that they are not of the same kind or class as those
listed in the statute. The argument raised in the McGlassons' sole point of error is overruled.


CONCLUSION

 Having overruled the argument raised in the McGlassons' sole issue, we affirm
the judgment of the trial court.