Court Of Appeals
Fourth Court of Appeals District of Texas

★ ★ ★ ★ ★ ★

# MEMORANDUM OPINION

No. 04-08-00213-CV

**CITY OF SAN ANTONIO**,
Appellant

v.

Daniel **CANALES**,
Appellee

From the 131st Judicial District Court, Bexar County, Texas
Trial Court No. 2007-CI-12797
Honorable David A. Berchelmann, Jr., Judge Presiding

Opinion by:     Phylis J. Speedlin, Justice

Sitting:          Alma L. López, Chief Justice
                   Sandee Bryan Marion, Justice
                   Phylis J. Speedlin, Justice

Delivered and Filed:   October 1, 2008

AFFIRMED

Daniel Canales sued the City of San Antonio claiming the City wrongfully demolished his residence and its contents after the structure was partially damaged by fire. Canales pled that governmental immunity was waived under section 101.21 of the Texas Tort Claims Act. The City answered and filed a plea to the jurisdiction asking that the suit be dismissed because Canales's pleadings failed to establish waiver of the City's governmental immunity. The trial court denied the City's motion and this accelerated appeal followed. Finding no error, we affirm the trial court's order.

1. In its first two issues, the City contends Canales has not pled facts sufficient to establish waiver of immunity because all of his complaints concern a "discretionary" decision made by City officials for which they and the City retain immunity from suit. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 101.056(2) (Vernon 2005) (waiver provisions under Texas Tort Claims Act do not apply to claims based on the City's discretionary decisions). Specifically, the City maintains in its briefing that the fire chief was performing a discretionary duty when he made the emergency decision to demolish the fire-damaged structure. An act is discretionary for purposes of not waiving sovereign immunity if the act "requires exercising judgment and the law does not mandate performing the act with such precision that nothing is left to discretion or judgment." *State v. Rodriguez*, 985 S.W.2d 83, 85 (Tex. 1999) (per curiam). The record before us, which consists of only pleadings, establishes that Canales did plead that governmental immunity was waived because damages to his property was caused by the wrongful act or omission or the negligence of City employees acting within the scope of their employment and through the use of motorized equipment. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 101.021 (Vernon 2005). In his pleadings, Canales claims certain procedures must be followed under the City Code even in an "emergency case," including that the "employee must obtain the concurrence of the director of development services" and "determine that under the circumstances no other abatement procedure is reasonably available except demolition." The failure to follow specific procedural steps set forth in the City Code, as alleged by Canales, may not be discretionary. *See Rodriguez*, 985 S.W.2d at 85; *City of El Paso v. W.E.B. Investments*, 950 S.W.2d 166, 170 (Tex. App.—El Paso 1997, pet. denied) (city employee who failed to follow non-discretionary city policy before demolishing building was subject to suit). Accordingly, we cannot say Canales has failed to plead sufficient facts to establish waiver of governmental immunity. *See*

*Tex. Ass'n of Bus. v. Tex. Air Control Bd.*, 852 S.W.2d 440, 446 (Tex. 1993) (when reviewing plea to jurisdiction, we construe pleadings in favor of plaintiff).

2. The City next argues that no negligent implementation of policy exists under the facts pleaded by Canales and "[a]ny alleged failure to follow the administrative procedures would **at the most** be negligent discretionary formulation of the order for which the City would still retain immunity." (emphasis added). We disagree. Our Supreme Court, in discussing "the discretionary powers exemption[] to the Tort Claims Act, . . . distinguished between the negligent *formulation* of policy, for which sovereign immunity is preserved, and the negligent *implementation* of policy, for which immunity is waived." *City of Brownsville v. Alvarado*, 897 S.W.2d 750, 754 (Tex. 1995) (citing *State v. Terrell*, 588 S.W.2d 784, 787-88 (Tex. 1979)). If an employee acts negligently in carrying out policy, government liability may exist under the Act. *City of Brownsville*, 897 S.W.2d at 754. Here, Canales's pleadings sufficiently allege that the City Code established a set procedure to be followed prior to demolishing a structure even in emergency circumstances; therefore, under these pleadings, government liability may exist under the Act. Finding no error, we affirm the trial court's decision denying the City of San Antonio's plea to the jurisdiction.

Phylis J. Speedlin, Justice

-3-