TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-07-00593-CV






Texas State University - San Marcos, Appellant


v.


Sam Bonnin, Appellee






FROM THE DISTRICT COURT OF HAYS COUNTY, 207TH JUDICIAL DISTRICT

NO. 05-1738, HONORABLE JACK H. ROBISON, JUDGE PRESIDING




M E M O R A N D U M O P I N I O N



 Sam Bonnin brought a wrongful death and survival action against appellant Texas
State University - San Marcos (TSU) in connection with the death of his son, Jason Bonnin. (1) TSU
filed a plea to the jurisdiction, which the trial court denied. In this interlocutory appeal, TSU argues
that the trial court erred in denying its plea to the jurisdiction because Bonnin has not established a
waiver of sovereign immunity. Because we hold that Bonnin's pleadings do not establish
jurisdiction but do not affirmatively demonstrate incurable jurisdictional defects, we reverse the trial
court's order denying the plea to the jurisdiction and remand this case to allow Bonnin the
opportunity to amend his pleadings. 


STANDARD OF REVIEW

 Because this is an appeal from a plea to the jurisdiction, "we will review the face of
appellants' pleadings to determine whether they show a lack of jurisdiction or whether the pleadings,
if liberally construed, favored jurisdiction." Atmos Energy Corp. v. Abbott, 127 S.W.3d 852, 855
(Tex. App.--Austin 2004, no pet.). Whether a trial court has subject-matter jurisdiction is a question
of law we review de novo. Westbrook v. Penley, 231 S.W.3d 389, 394 (Tex. 2007). If the pleadings
do not affirmatively demonstrate the trial court's jurisdiction but do not affirmatively demonstrate
incurable defects in jurisdiction, the issue is one of pleading sufficiency and the plaintiffs should be
afforded the opportunity to amend. Texas Dep't of Parks & Wildlife v. Miranda, 133 S.W.3d 217,
226-27 (Tex. 2004). If the pleadings affirmatively negate jurisdiction, then a plea to the jurisdiction
may be granted without allowing an opportunity to amend. Id. at 227. Unless a pled jurisdictional
fact is challenged and conclusively negated, it must be taken as true for purposes of
determining subject-matter jurisdiction. City of Austin v. Leggett, 257 S.W.3d 456, 462
(Tex. App.--Austin 2008, pet. denied). In reviewing a plea to the jurisdiction, an appellate court
does not look to the merits of the case but considers only the pleadings and evidence relevant to the
jurisdictional inquiry. Miranda, 133 S.W.3d at 227. 


DISCUSSION Jason Bonnin drowned on April 21, 2005, after jumping from the balcony of a
restaurant where he worked into the waterway at Spring Lake Dam on the TSU campus. According
to Bonnin's pleadings, Jason's death resulted from a turbulent undertow that pulled him into
underwater caverns located beneath the restaurant. Bonnin brought claims for negligent use of real
and personal property and the defective condition of real and personal property, alleging that TSU
created an unreasonably dangerous condition by making repairs to the waterway where the incident
occurred and failing to block access to the underwater caverns or warn others of their existence. (2) 
In addition, Bonnin brought the following claim:


A condition of agricultural land or other property used for recreational purposes,
which posed an unreasonable risk of harm. Specifically Defendant TSU allowed
and/or created a defective condition on the subject real property when it knew, or
should have known, the property would be used for recreational purposes. By
allowing such condition, Defendant TSU proximately caused Plaintiffs' damages.



 In its first issue on appeal, TSU argues that Bonnin has not sufficiently established
a waiver of sovereign immunity under the Texas Tort Claims Act. See Tex. Civ. Prac. & Rem.
Code §§ 101.001-.109 (West 2005). The State and its agencies are generally immune from suit,
absent an express waiver of sovereign immunity. Miranda, 133 S.W.3d at 224. Sovereign immunity
is waived under the Tort Claims Act for claims involving personal injury or death if the plaintiff
alleges the injury was caused by the condition or use of tangible personal property or real property. 
Tex. Civ. Prac. & Rem. Code § 101.021.

 An exception to the waiver of sovereign immunity under the Tort Claims Act exists
for a governmental unit's failure to perform an act or decision not to perform an act if the law leaves
the performance or nonperformance of the act to the discretion of the governmental unit. Id.
§ 101.056. TSU argues that because Bonnin alleges that the drowning occurred as the result of a
design decision made by TSU in repairing the dam, the exception for discretionary acts applies and
sovereign immunity is not waived. To the extent that Bonnin's claims relate to the repairs made to
the waterway by TSU, we agree.

 The Texas Supreme Court has held that the exception for discretionary acts applies
to the design of public works. See State v. Rodriguez, 985 S.W.2d 83, 85 (Tex. 1999) ("Design of
any public work, such as a roadway, is a discretionary function involving many policy decisions, and
the governmental entity responsible may not be sued for such decisions."). "Likewise, decisions
about installing safety features are discretionary decisions for which the State may not be sued." 
State v. Ramirez, 74 S.W.3d 864, 867 (Tex. 2002). While courts have held that the negligent
maintenance of public works is not subject to the exception for discretionary acts, that is not the case
here. See Brown v. Texas Dep't of Transp., 80 S.W.3d 594, 598 (Tex. App.--Corpus Christi 2000),
aff'd, 80 S.W.3d 549 (Tex. 2002) (holding that failure to maintain street lamps was not discretionary
act); Texas Parks & Wildlife Dep't v. Davis, 988 S.W.2d 370, 374 (Tex. App.--Austin 1999, no pet.)
(holding that failure to remove deteriorated park bench was not discretionary act protected by
Tort Claims Act). Unlike the plaintiffs in Brown and Davis, Bonnin does not allege that TSU failed
to maintain the waterway after the repairs were made, but attributes the injury to the initial design
decisions regarding the repairs. (3) As a result, we hold that Bonnin failed to establish a waiver of
sovereign immunity for his claims of negligent use of real and personal property and defective
condition of real and personal property, to the extent those claims relate to the repairs made to the
waterway by TSU. We further hold that because the pleadings regarding these particular claims rely
on a design decision that is subject to the discretionary acts exception, such pleadings affirmatively
negate the existence of jurisdiction and Bonnin need not be allowed an opportunity to amend.

 Bonnin does, however, raise an additional premises defect claim that is unrelated to
the repairs of the waterway, alleging that "TSU allowed and/or created a defective condition on the
subject real property when it knew, or should have known, the property would be used for
recreational purposes." (Emphasis added.) This particular claim is similar to the plaintiffs' claim
in State v. Shumake, 199 S.W.3d 279 (Tex. 2006). In Shumake, the plaintiffs brought a premises
defect claim after their daughter drowned while swimming at a state park, allegedly as a result of
being sucked underwater by a powerful undertow and trapped in a man-made culvert. Id. at 281. 
The Shumakes alleged that the dangerous undertow was a premises defect, that the State was aware
of the condition and failed to act, and that this failure to act involved an extreme degree of risk. Id.
at 281-82. The Texas Supreme Court concluded that the plaintiffs' pleadings were sufficient to state
a premises defect claim that not only fell within the Texas Tort Claims Act waiver of sovereign
immunity, but also satisfied the heightened standard for liability imposed by the recreational use
statute. (4) Id. at 288. The dangerous condition, as alleged by the plaintiffs in Shumake, was the
undertow itself, rather than the design of the culverts. Id. at 281. Similarly, Bonnin, in alleging that
TSU allowed a defective condition on real property, brings a premises defect claim based on the
turbulent undertow itself, rather than the design decisions related to the waterway repairs. As a
result, this claim, which does not rely on a design decision by TSU, is not subject to the discretionary
act exception to the Tort Claims Act.

 In determining whether Bonnin has established a waiver of sovereign immunity for
his premises defect claim based on the turbulent undertow, we must address TSU's second issue, in
which it argues that its sovereign immunity has not been waived under the recreational use statute. 
See Tex. Civ. Prac. & Rem. Code Ann. §§ 75.001-.004 (West 2005 & Supp. 2008); see also
Stephen F. Austin State Univ. v. Flynn, 228 S.W.3d 653, 660 (Tex. 2007) (noting that "because the
recreational use statute modifies the Tort Claims Act's waiver of sovereign immunity, it is properly
part of the government's plea to the jurisdiction"). 

 The Texas Tort Claims Act incorporates the limitations of liability articulated in the
recreational use statute into a governmental unit's waiver of immunity from suit. Tex. Civ. Prac.
& Rem. Code Ann. § 101.058 ("To the extent that Chapter 75 limits the liability of a governmental
unit under circumstances in which the governmental unit would be liable under this chapter, Chapter
75 controls."); Miranda, 133 S.W.3d at 225. The recreational use statute states, in relevant part:


If an owner, lessee, or occupant of real property . . . gives permission to another to
enter the premises for recreation, the owner, lessee, or occupant, by giving the
permission, does not:


 (1) assure that the premises are safe for that purpose;


 (2) owe to the person to whom permission is granted a greater degree of care
than is owed to a trespasser on the premises; or 


 (3) assume responsibility or incur liability for any injury to any individual or
property caused by any act of the person to whom permission is granted.



Tex. Civ. Prac. & Rem. Code Ann. § 75.002(c). Because Bonnin, in bringing his premises defect
claim, alleges that TSU "knew, or should have known, the property would be used for recreational
purposes," we will assume without deciding that the recreational use statute applies to
the present case. 

 The recreational use statute limits the landowner's duty for premises defects to that
which is owed a trespasser--a duty not to injure that person willfully, wantonly, or through gross
negligence. See Miranda, 133 S.W.3d at 225. "Therefore, a governmental unit waives sovereign
immunity under the recreational use statute and the Texas Tort Claims Act only if it is grossly
negligent." Id.; see also Tex. Civ. Prac. & Rem. Code Ann. § 75.002(d) (recreational use statute
does not limit liability where owner "has been grossly negligent or has acted with malicious intent
or in bad faith"). When a premises defect claim subject to the recreational use statute is based on
a natural condition, the plaintiff must also allege facts to establish that the condition was not open
and obvious. See Kirwan v. City of Waco, 249 S.W.3d 544, 552 (Tex. App.--Waco 2008, pet. filed). 

 While Bonnin generally alleges gross negligence in his pleadings by stating,
"Defendants['] behavior rises to the degree of gross negligence entitling Plaintiffs to punitive and/or
exemplary damages," conclusory allegations of gross negligence, without additional facts supporting
the claim, are insufficient to meet the standard imposed by the recreational use statute. Flynn,
228 S.W.3d at 660. Gross negligence is defined as an act or omission which involves an extreme
degree of risk, considering the probability and magnitude of the potential harm to others, and of
which the actor has actual, subjective awareness of the risk involved but proceeds with conscious
indifference to the rights, safety, or welfare of others. Tex. Civ. Prac. & Rem. Code Ann.
§ 41.001(11) (West 2008). Bonnin's general allegations fail to demonstrate facts supporting
essential elements of gross negligence--that TSU was aware of the risk in this case or that it was
consciously indifferent to the waterway's capacity to inflict serious injury--and therefore fail to
establish subject matter jurisdiction. See Miranda, 133 S.W.3d at 221 ("Due to the unusual
confluence of standards erected by the Legislature for waiver of sovereign immunity in the
Texas Tort Claims Act and the recreational use statute, plaintiffs must plead gross negligence to
establish subject matter jurisdiction."). However, we find nothing in Bonnin's pleadings to
affirmatively negate the existence of gross negligence.

 Similarly, Bonnin's pleadings fail to allege facts to establish that the turbulent
undertow was not open and obvious, but do not affirmatively negate such facts. While Bonnin
represents in his petition that the "open and obvious waterway is regularly used for recreation and
has been maintained by Defendant TSU for that purpose," we read this statement to describe the use
of the waterway for recreational purposes as being open and obvious, rather than the dangerous
condition of the undertow. This reading is supported by a later reference in the pleadings to "the
open and obvious use of the dam, restaurant and adjacent waterways for recreation." 

 Where, as here, it is possible to cure a pleading defect, the plaintiff "must be given
an opportunity to amend in response to a plea to the jurisdiction." Texas A&M Univ. Sys.
v. Koseoglu, 233 S.W.3d 835, 840 (Tex. 2007); see also Miranda, 133 S.W.3d at 227 ("If the
pleadings do not contain sufficient facts to affirmatively demonstrate the trial court's jurisdiction but
do not affirmatively demonstrate incurable defects in jurisdiction, the issue is one of pleading
sufficiency and the plaintiffs should be afforded the opportunity to amend."). 

 We conclude that Bonnin failed to plead jurisdictional facts necessary to prove a
waiver of sovereign immunity under the recreational use statute. See Miranda, 133 S.W.3d at 221;
Kirwan, 249 S.W.3d at 552. Because this pleading defect is one for which a plaintiff should be
afforded an opportunity to amend, we remand this case to the trial court to allow Bonnin to replead.

 In its third issue on appeal, TSU argues that Bonnin failed to plead or prove a claim
for negligent use of tangible personal property. This argument is based solely on Bonnin's allegation
that in making the repairs to the waterway, TSU was negligent in installing "various personal
property in and around the waterway." TSU also asserts that Bonnin may not proceed on a general
negligence claim once a premises defect claim has been identified on the same facts. Given our
conclusion that the trial court did not have jurisdiction over Bonnin's claims related to the repairs
made by TSU and that the only claim for which jurisdiction has not been affirmatively negated is a
premises defect claim, we need not address TSU's third issue on appeal. 


CONCLUSION

 We reverse the trial court's order denying TSU's plea to the jurisdiction and remand
this case for proceedings consistent with this opinion.


 ___________________________________________

 Diane M. Henson, Justice

Before Justices Patterson, Waldrop and Henson

 Dissenting opinion by Justice Waldrop

Reversed and Remanded 

Filed: December 18, 2008

 

1. To avoid confusion, we will refer to the appellee as "Bonnin," and to Jason Bonnin, when
necessary, as Jason.
2. Bonnin also brought claims against several other defendants. Because TSU is the only
defendant that sought dismissal by the plea to the jurisdiction involved in this appeal, our disposition
of this appeal does not affect Bonnin's claims against the other defendants.
3. Bonnin's petition was accompanied by an affidavit from an engineering expert, stating:


[I]t is my opinion that the hydraulic properties of the spillway have changed due to
the repairs that were performed on the Spring Lake Dam Spillway in 2001. By
raising the bottom of the spillway chute with 14 inches, a change in the hydraulic
properties of the water discharging the spillway chute and entering the river has
occurred. . . . The 2001 repairs to the dam could have reduced or eliminated the
dangerous condition had they been designed differently. For example, the original
penstock caverns beneath Joe's Crab Shack should have been covered or closed off
as part of this project.
4. See discussion of recreational use statute, infra.