TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN




ON REMAND





NO. 03-07-00593-CV




Texas State UniversitySan Marcos, Appellant

v.

Sam and Betty Bonnin, Individually, and as Independent, 
Co-Administrators of the Estate of Jason Lee Bonnin, Appellees




FROM THE DISTRICT COURT OF HAYS COUNTY, 207TH JUDICIAL DISTRICT
NO. 05-1738, HONORABLE JACK H. ROBISON, JUDGE PRESIDING


 
M E M O R A N D U M O P I N I O N

 
                        Sam and Betty Bonnin brought a wrongful death and survival action against appellant
Texas State UniversitySan Marcos (TSU) in connection with the death of their son, Jason Bonnin.


 
TSU filed a plea to the jurisdiction, which the trial court denied. In this interlocutory appeal, TSU
argues that the trial court erred in denying its plea to the jurisdiction because the Bonnins had not
established a waiver of sovereign immunity. On original submission, we held that the Bonnins’
pleadings did not establish jurisdiction, but that they were entitled to the opportunity to amend the
pleadings because they did not affirmatively demonstrate incurable jurisdictional defects. TSU filed
a petition for discretionary review, and the supreme court vacated our opinion and remanded the case
back to this Court for reconsideration in light of City of Waco v. Kirwan, 298 S.W.3d 618, 620
(Tex. 2009), a case decided after our original opinion was issued. In light of the clarification
provided by Kirwan, we reverse the trial court’s order denying the plea to the jurisdiction and render
judgment dismissing all of the Bonnins’ claims against TSU for lack of subject-matter jurisdiction. 

BACKGROUND
                        Jason Bonnin drowned on April 21, 2005, after jumping from the balcony of a
restaurant where he worked into the waterway at Spring Lake Dam on the TSU campus. According
to the Bonnins’ pleadings, Jason’s death resulted from a turbulent undertow that pulled him into
underwater caverns located beneath the restaurant. The Bonnins brought claims for negligent use
of real and personal property and the defective condition of real and personal property, alleging that
TSU created an unreasonably dangerous condition by making repairs to the waterway where the
incident occurred and failing to block access to the underwater caverns or warn others of their
existence.


 The Bonnins also brought the following claim:
 
A condition of agricultural land or other property used for recreational purposes,
which posed an unreasonable risk of harm. Specifically Defendant TSU allowed
and/or created a defective condition on the subject real property when it knew, or
should have known, the property would be used for recreational purposes. By
allowing such condition, Defendant TSU proximately caused Plaintiffs’ damages.
  
 
                        TSU filed a plea to the jurisdiction, arguing that the Bonnins’ claims were barred by
sovereign immunity. The trial court denied the plea, and this interlocutory appeal followed.

STANDARD OF REVIEW

                        Because this is an appeal from a plea to the jurisdiction, “we will review the face of
appellants’ pleadings to determine whether they show a lack of jurisdiction or whether the pleadings,
if liberally construed, favored jurisdiction.” Atmos Energy Corp. v. Abbott, 127 S.W.3d 852, 855
(Tex. App.—Austin 2004, no pet.). Whether a trial court has subject-matter jurisdiction is a question
of law we review de novo. Westbrook v. Penley, 231 S.W.3d 389, 394 (Tex. 2007). If the pleadings
do not affirmatively demonstrate the trial court’s jurisdiction but do not affirmatively demonstrate
incurable defects in jurisdiction, the issue is one of pleading sufficiency and the plaintiffs should be
afforded the opportunity to amend. Texas Dep’t of Parks & Wildlife v. Miranda, 133 S.W.3d 217,
226-27 (Tex. 2004). If the pleadings affirmatively negate jurisdiction, then a plea to the jurisdiction
may be granted without allowing an opportunity to amend. Id. at 227. 

DISCUSSIONTexas Tort Claims Act
                        In its first issue on appeal, TSU argues that the Bonnins have not sufficiently
established a waiver of sovereign immunity under the Texas Tort Claims Act. See Tex. Civ. Prac.
& Rem. Code Ann. §§ 101.001-.109 (West 2005 & Supp. 2010). The State and its agencies are
generally immune from suit, absent an express waiver of sovereign immunity. Miranda, 133 S.W.3d
at 224. Sovereign immunity is waived under the Texas Tort Claims Act for claims involving
personal injury or death if the plaintiff alleges the injury was caused by the condition or use of
tangible personal property or real property. Tex. Civ. Prac. & Rem. Code Ann. § 101.021.
                        An exception to the waiver of sovereign immunity under the Texas Tort Claims Act
exists for a governmental unit’s failure to perform an act or decision not to perform an act if the law
leaves the performance or nonperformance of the act to the discretion of the governmental unit. Id.
§ 101.056. TSU argues that because the Bonnins allege that the drowning occurred as the result of
design decisions made by TSU in repairing the dam, the exception for discretionary acts applies and
sovereign immunity is not waived. To the extent that the Bonnins’ claims relate to the repairs made
to the waterway by TSU, we agree.
                        The Texas Supreme Court has held that the exception for discretionary acts applies
to the design of public works. See State v. Rodriguez, 985 S.W.2d 83, 85 (Tex. 1999) (“Design of
any public work, such as a roadway, is a discretionary function involving many policy decisions, and
the governmental entity responsible may not be sued for such decisions.”). “Likewise, decisions
about installing safety features are discretionary decisions for which the State may not be sued.” 
State v. Ramirez, 74 S.W.3d 864, 867 (Tex. 2002). While courts have held that the negligent
maintenance of public works is not subject to the exception for discretionary acts, negligent
maintenance is not at issue here. See Brown v. Texas Dep’t of Transp., 80 S.W.3d 594, 598 (Tex.
App.—Corpus Christi 2000), aff’d, 80 S.W.3d 549 (Tex. 2002) (holding that failure to maintain
street lamps was not discretionary act); Texas Parks & Wildlife Dep’t v. Davis, 988 S.W.2d 370, 374
(Tex. App.—Austin 1999, no pet.) (holding that failure to remove deteriorated park bench was not
discretionary act protected by Texas Tort Claims Act). Unlike the plaintiffs in Brown and Davis,
the Bonnins do not allege that TSU failed to maintain the waterway after the repairs were made, but
attribute the injury to the initial design decisions regarding the repairs.


 As a result, we hold that the
Bonnins failed to establish a waiver of sovereign immunity for their claims of negligent use of real
and personal property and defective condition of real and personal property, to the extent those
claims relate to the waterway repairs. We further hold that because the pleadings regarding these
particular claims rely on design decisions that are subject to the discretionary acts exception, the
pleadings affirmatively negate the existence of jurisdiction and the Bonnins need not be allowed an
opportunity to amend.

Recreational Use Statute
                        The Bonnins also raise an additional premises defect claim that is unrelated to the
repairs of the waterway, alleging that “TSU allowed and/or created a defective condition on the
subject real property when it knew, or should have known, the property would be used for
recreational purposes.” (Emphasis added.) In alleging that TSU allowed a defective condition on
real property, the Bonnins bring a premises defect claim based on the turbulent undertow itself,
rather than the design decisions related to the waterway repairs. Because this claim does not rely on
a design decision by TSU, it is not subject to the discretionary acts exception to the Texas Tort
Claims Act. In order to determine whether sovereign immunity bars this claim, we must address
TSU’s second issue, in which it argues that its sovereign immunity has not been waived under the
recreational use statute. See Tex. Civ. Prac. & Rem. Code Ann. §§ 75.001-.006 (West 2005 & Supp.
2010); see also Stephen F. Austin State Univ. v. Flynn, 228 S.W.3d 653, 660 (Tex. 2007) (noting that
“because the recreational use statute modifies the Tort Claims Act’s waiver of sovereign immunity,
it is properly part of the government’s plea to the jurisdiction”). 
                        The Texas Tort Claims Act incorporates the limitations of liability articulated in the
recreational use statute into a governmental unit’s waiver of immunity from suit. Tex. Civ. Prac.
& Rem. Code Ann. § 101.058 (“To the extent that Chapter 75 limits the liability of a governmental
unit under circumstances in which the governmental unit would be liable under this chapter, Chapter
75 controls.”); Miranda, 133 S.W.3d at 225. The recreational use statute states, in relevant part:
 
If an owner, lessee, or occupant of real property . . . gives permission to another to
enter the premises for recreation, the owner, lessee, or occupant, by giving the
permission, does not:
 
            (1) assure that the premises are safe for that purpose;
 
(2) owe to the person to whom permission is granted a greater degree of care
than is owed to a trespasser on the premises; or 
 
(3) assume responsibility or incur liability for any injury to any individual or
property caused by any act of the person to whom permission is granted.
 

Tex. Civ. Prac. & Rem. Code Ann. § 75.002(c). Because the Bonnins, in bringing their premises
defect claim, allege that TSU “knew, or should have known, the property would be used for
recreational purposes,” we will assume without deciding that the recreational use statute applies to
the present case.  
                        The recreational use statute limits the landowner’s duty for premises defects to that
which is owed a trespasser—a duty not to injure that person willfully, wantonly, or through gross
negligence. See Miranda, 133 S.W.3d at 225. “Therefore, a governmental unit waives sovereign
immunity under the recreational use statute and the Texas Tort Claims Act only if it is grossly
negligent.” Id.; see also Tex. Civ. Prac. & Rem. Code Ann. § 75.002(d) (recreational use statute
does not limit liability where owner “has been grossly negligent or has acted with malicious intent
or in bad faith”). 
                        In City of Waco v. Kirwan, the Texas Supreme Court clarified the duty owed by
landowners to recreational users under the recreational use statute, holding that a landowner does
not generally owe a duty “to protect or warn against the dangers of natural conditions on the land.” 
298 S.W.3d at 627. As a result, the court held that the City of Waco’s sovereign immunity was not
waived in connection with a premises liability claim based solely on the collapse of a naturally
occurring cliff. Id. at 620. The Bonnins’ premises defect claim related to the turbulent undertow,
like the claim in Kirwan, is based solely on an allegedly dangerous natural condition. See id. at 624
(discussing “a severe undertow” in context of dangerous natural conditions that would generally not
create duty on part of landowner).
                        On original submission, we considered the Bonnins’ claim based on the undertow to
be similar to the claim at issue in State v. Shumake, 199 S.W.3d 279 (Tex. 2006). In Shumake, the
plaintiffs brought a premises defect claim after their daughter drowned while swimming at a state
park, allegedly as a result of being sucked underwater by a powerful undertow and trapped in a man-made culvert. Id. at 281. The supreme court concluded that the plaintiffs’ pleadings were sufficient
to state a premises defect claim that not only fell within the Texas Tort Claims Act waiver of
sovereign immunity, but also satisfied the heightened standard for liability imposed by the
recreational use statute. Id. at 288. 
                        In Kirwan, however, the supreme court drew a distinction between premises liability
claims based solely on naturally occurring conditions and those based on artificial or man-made
conditions, characterizing Shumake as the latter due to the allegedly dangerous condition of the man-made culverts. Kirwan, 298 S.W.3d at 622. Specifically, the court stated:
 
We agree that, while Shumake may have provided some guidance, it did not directly
answer the question presented here. The condition in Shumake was not a naturally
occurring one. See [119 S.W.3d] at 281 (addressing liability for danger from man-made culvert). Here, however, the facts present a condition alleged to be both natural
and not open and obvious.



 
Id. The court in Shumake did not address the discretionary acts exception found in section 101.056
of the Texas Tort Claims Act in connection with the design of the man-made culverts, presumably
because the issue was not raised by the parties. See generally 119 S.W.3d 279. In the present case,
however, the issue of the discretionary acts exception has been raised and decided in favor of TSU
on the Bonnins’ claims based on the waterway repairs. As a result, this case differs from Shumake
in that the only claim remaining to be considered under the recreational use statute is one based
solely on the turbulent undertow itself, a naturally occurring condition.


 Given the supreme court’s
holding that landowners do not have a general duty to warn or protect recreational users against
naturally occurring conditions, the Bonnins cannot plead a valid gross negligence claim under the
recreational use statute. See Kirwan, 298 S.W.3d at 620.
                        In light of the foregoing, we hold that the Bonnins’ premises defect claim based on
the turbulent undertow, like their claims based on the design of the waterway, is barred by sovereign
immunity. Furthermore, because the Bonnins’ pleadings affirmatively negate the existence of
jurisdiction, they need not be afforded the opportunity to amend.
                        In its third issue on appeal, TSU argues that the Bonnins failed to plead or prove a
claim for negligent use of tangible personal property. This argument is based on the Bonnins’
allegation that in making the repairs to the waterway, TSU was negligent in installing “various
personal property in and around the waterway.” TSU also asserts that the Bonnins may not proceed
on a general negligence claim once a premises defect claim has been identified on the same facts. 
Given our conclusion that the Bonnins’ claims related to the waterway repairs fall under the
discretionary acts exception and are therefore barred by sovereign immunity, we need not address
TSU’s third issue on appeal. 
CONCLUSION
                        We reverse the trial court’s order denying TSU’s plea to the jurisdiction and render
judgment dismissing the Bonnins’ claims against TSU for lack of subject-matter jurisdiction.
 
 
                                                                                    _____________________________________
                                                                                    Diane M. Henson, Justice
Before Justices Patterson, Waldrop and Henson;
    Justice Waldrop not participating
Reversed and Rendered on Remand
Filed: November 5, 2010